UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH BESS,

    Plaintiff,

v.                                            Case No: 2:15-cv-550-FtM-99MRM

RHONDA DAY and DARRELL DAY,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff Joseph Bess' Motion to Remand (Doc. #7) filed on October 5, 2015.  Defendants Rhonda Day and Darrell Day filed a Response in Opposition (Doc. #9) on October 19, 2015.  The matter is ripe for review.

### Discussion

This is a personal injury action involving a car accident.  On July 14, 2015, Plaintiff filed a two-count negligence action in Florida state court, alleging Defendants carelessly and negligently operated a vehicle causing several injuries.  Defendants removed this action to this Court on September 11, 2015, on the basis of diversity jurisdiction.  Defendants allege that they are Canadian citizens, while Plaintiff is a Florida citizen, and that the amount in controversy exceeds $75,000.  Plaintiff now seeks to remand this

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

action back to Florida state court, averring Defendants failed to meet their burden of illustrating that the amount in controversy exceeds $75,000.

Determining whether a defendant properly removed a state court action to federal court entails both jurisdictional and procedural considerations. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1194 (11th Cir. 2007). Jurisdictionally, removal is governed by 28 U.S.C. § 1441(a), which provides that a defendant may remove an action to federal court only if the district court has jurisdiction based on diversity of citizenship of the parties or federal question. Procedurally, removal is governed by 28 U.S.C. § 1446, which sets out strict deadlines and consent requirements for proper removal. Courts must construe these removal statutes narrowly, resolving any uncertainties in favor of remand. *See Burns v. Windsor Insur. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The removing party bears the burden of proving that federal jurisdiction exists by a preponderance of the evidence, and the removing party must present facts establishing its right to remove. *See Williams v. Best Buy Company, Inc.* 269 F.3d 1316, 1319 (11th Cir. 2001).

Defendants removed this action on the basis of diversity jurisdiction. This requires that the parties be diverse in citizenship and that the amount in controversy exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). No one disputes that the parties are diverse in citizenship. Instead, the parties dispute whether the amount in controversy requirement has been met. In removing this action, Defendants focused on a pre-suit settlement offer letter requesting $125,000 and a description of Plaintiff's numerous injuries to support the amount in controversy requirement. But Plaintiff believes these two items are not enough for Defendants to meet their burden. The Court agrees.

While a pre-suit settlement offer, by itself, is not determinative as to amount in controversy, it "counts for something." *Burns*, 31 F.3d at 1097. Yet such an offer "provides only marginal evidence of the amount in controversy because the plaintiff's letter is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of damages sought by the plaintiff." *Bylsma v. Dolgencorp, LLC*, No. 8:10-cv-1760-T-23TBM, 2010 WL 3245295, *1 (M.D. Fla. Aug. 17, 2010) (citation omitted). Turning to this action, it is clear Plaintiff's pre-suit demand was nothing more than posturing. In the letter, Plaintiff's counsel made a demand for $125,000 – the limits of Defendants' insurance policy. (Doc. #9-1 at 16). Plaintiff's actual damages, however, were only $14,662, as the remainder of his medical bills were paid by his own insurer. (Doc. #9-1 at 18). While there are allegations that Plaintiff might incur future medical expenses, including the cost of a surgery, these allegations do not prove to a "legal certainty" that the amount in controversy exceeds $75,000. *See Burns*, 31 F.3d at 1095. Nor is there any indication whether Plaintiff's insurer will bear any of these expenses.

Defendants also provide the Court with a chart of jury verdicts exceeding $75,000 in actions that they believe are factually similar to this action. In considering this Motion, the Court is limited to the Notice of Removal and accompanying documents. *See Lowery*, 483 F.3d at 1214. While Defendants failed to attach the settlement letter to the Notice of Removal (Doc. #1), the Court considered this document anyway because it was described in explicit detail in the Notice. But the jury verdict chart attached to Defendants Response (Doc. #9-1) is a different story. This document was not mentioned in, nor attached to, the Notice of Removal. (Doc. #1). As such, this document is outside "the limited universe of evidence" that is appropriate to consider in analyzing a motion to remand. *See id.*

Where, as here, "evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither [] [D]efendants nor the [C]ourt may speculate in an attempt

to make up for the notice's failings." *Id.* at 1215 (citation omitted). Indeed, "[t]he absence of factual allegations pertinent to the existence of jurisdiction is dispositive, and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Id.* By failing to illustrate that the amount in controversy exceeds $75,000, Defendants have failed to meet their burden of proving that removal of this action was proper. Therefore, the Court finds this action must be remanded back to the Florida state court.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Joseph Bess' Motion to Remand (Doc. #7) is **GRANTED**.

2. The Clerk is directed to **REMAND** the case to the Circuit Court of the Twelfth Judicial Circuit in and for DeSoto County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

3. The Clerk is further directed to terminate all pending motions, deadlines, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida, this 1st day of December, 2015.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record